STATE *ex rel.* CHARLES H. HADEN II, *Tax Commissioner, Successor to* G. THOMAS BATTLE, *Tax Commissioner*

*v.*

CALCO AWNING AND WINDOW CORPORATION, *etc. and/or* CHARLES J. CALL, ITS *President, et al.*

(No. 12825)

Submitted September 16, 1969.  Decided November 4, 1969.

*Chauncey H. Browning, Jr.,* Attorney General, *Paul R. Goode, Jr.,* Deputy Attorney General, *C. Elton Byron, Jr.,* Assistant Attorney General, for appellant.

*Broh & Vital, Jack H. Vital III,* for appellees.

CAPLAN, JUDGE:

This is an appeal by the state tax commissioner from a final judgment of the Circuit Court of Cabell County.

The action resulting in such judgment was instituted in that court by the state tax commissioner against Calco Awning and Window Corporation of Huntington, an Ohio corporation, hereinafter referred to as Calco, and against Charles J. Call, Carlton E. Sagar and Ellen Jackson, its president, vice-president and secretary and treasurer, to effect the collection of certain taxes alleged to be due and owing the state.

The complaint consisted of three separate causes of action, the first two of which were against Calco alone and which are not involved in this appeal. The third cause of action alleges that "Calco Awning and Window Corporation of Huntington, an Ohio Corporation, Charles J. Call, its president, Carlton E. Sagar, its vice-president, and Ellen Jackson, secretary and treasurer, jointly and severally, are indebted to the State of West Virginia in the amount of Five Thousand, One Hundred, Forty-Five Dollars and Eighty-One Cents ($5,145.81) for Consumers Sales and Service Tax under the provisions of Chapter 11, Article 15 of the Code of West Virginia of 1931, as amended." Service of process was not obtained on Charles J. Call and he is not a party on this appeal.

Upon the failure of Calco to plead or otherwise defend this action, a default judgment was entered against it on April 11, 1968. This judgment was in the sum of $6,752.05, the total amount alleged to be due by reason of its failure to pay business and occupation, personal income and consumers sales and service taxes.

Answering the complaint of the state tax commissioner, the remaining individual defendants, Carlton E. Sagar and Ellen Jackson, deny that they are indebted to the State of West Virginia in the amount of $5,145.81 for the consumers sales tax; deny that they are properly elected officers of said corporation; deny that they are employees of Calco with the responsibility of preparing and filing any tax returns of said corporation; and affirmatively assert that the provisions of Code, 1931, 11-15-17, as amended, relating to liability of an officer for the cor-

poration's delinquent consumers sales tax, are repugnant to the state and federal constitutions, are null and void and are of no effect on these defendants.

Each of the individual defendants filed a motion to dismiss the complaint, said motions being based on the ground that Section 17, Article 15, Chapter 11 of the Code of West Virginia, 1931, as amended, is unconstitutional. Upon argument of counsel on behalf of the parties and after submission of written briefs, the court, by order dated July 17, 1968, sustained the motions of the individual defendants and the complaint was dismissed.

The principal issue on this appeal is the constitutionality of the provisions of Code, 1931, 11-15-17, as amended. That code section, where pertinent, provides: "If the taxpayer is an association or corporation, the officers thereof shall be personally liable, jointly and severally, for any default on the part of the association or corporation, and payment of the tax may be enforced against them as against the association or corporation which they represent."

The tax commissioner, of course, defends the constitutionality of that section. The individual defendants take the position that the subject statute deprives them of their property without due process of law by imposing upon them a tax of a third party (the corporation) and is therefore unconstitutional as violative of the Constitution of West Virginia and the Constitution of the United States.

In addition to the issue of said alleged unconstitutionality, the defendants contend that officers of a corporation cannot be held liable for the debts of such business entity. Furthermore, they deny that they are officers of Calco, asserting that they were not elected as such by a duly held meeting of the board of directors of the corporation.

These contentions are without merit. The position of an officer of a corporation, relative to his individual

liability for the debts of the corporation, is not sacrosanct. While officers ordinarily are not held responsible for corporate debts, it is well established that where a statute so provides directors or officers may be required to account personally for certain obligations of the corporation. 19 Am. Jur. 2d, Corporations, Section 1354 et. seq. Such liability is usually imposed by statute for some official delinquency and so long as the statute is afforded a fair and reasonable interpretation so as to give effect to the legislative intent as indicated by the language used, it is valid.

It is not a defense to individual liability for one who acts as an officer to assert that he was not properly elected as an officer of the corporation. This is well demonstrated by the following cogent language: "* * * one who assumes the character of a corporate officer cannot escape liability on the plea that his election to office was illegal. Persons ostensibly acting as officers of a corporation are ordinarily presumed to be rightfully in office; individuals elected and serving as officers may incur the statutory liability for the corporate debts of the company, even though irregularities occurred in their election, if in all other respects the evidence brings them within the category of legal default." 19 Am. Jur. 2d, Corporations, Section 1356. See *Providence Steam-Engine Co.* v. *Hubbard,* 101 U. S. 188, 25 L. Ed. 786.

Thus, in the instant case, where Code, 1931, 11-15-17, as amended, provides for individual liability of corporate officers for default on the part of the corporation in the payment of the consumers sales tax, the defendants who acted as officers of Calco cannot absolve themselves from liability by a plea that they were not properly elected.

In resolving the principal issue, the constitutionality of Code, 1931, 11-15-17, as amended, it is pertinent to consider the action of the trial court. From an examination of his written opinion it is apparent that the trial judge held the subject statute unconstitutional on its face without considering its application to the facts of the

case as reflected by the pleadings. He based his opinion and ultimate decision on hypothetical facts which possibly could arise under the statute and thereby decided that the statute was unconstitutional. This approach is contrary to the well established principles of law relating to the consideration of the constitutionality of a statute.

"It is always to be presumed that the Legislature designed the statute to take effect, and not be a nullity." So declared this Court in 1875. *Slack* v. *Jacob*, 8 W. Va. 612. "The question, whether a law be void for its repugnancy to the constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case. The court, when impelled by the duty to render such a judgment, would be unworthy of its station, could it be unmindful of the solemn obligations which that station imposes. But it is not on slight implication and vague conjecture that the legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatability with each other." Thus spoke the Supreme Court of the United States in 1810. *Fletcher* v. *Peck*, 10 U. S. (6 Cranch) 87, 3 L. Ed. 162.

The substance of these early decisions reflects the view that has long prevailed, and still does, in this and other jurisdictions; that is, that where the constitutionality of a statute is questioned, every presumption is to be made in favor of its constitutionality. This arises from the presumption that the legislature in the passage of an act has considered the constitution and did not intend to violate it. See *State ex rel. Metz* v. *Bailey*, 152 W. Va. 53, 159 S. E. 2d 673; *Willis* v. *O'Brien*, 151 W. Va. 628, 153 S. E. 2d 178; *State ex rel. Battle* v. *Bailey*, 150 W. Va. 37, 146 S. E.2d 686; *State ex rel. Appalachian Power Co.* v. *Gainer*, 149 W. Va. 740, 143 S. E.2d 351; *State ex rel. Slatton* v. *Boles*, 147 W. Va. 674, 130 S. E.2d 192; and *Walter Butler Building Company* v. *Soto*, 142 W. Va. 616, 97 S. E.2d 275. See also 17 M. J., Statutes, Section 29 and

30; Vol. 1, Cooley, Constitutional Limitations, 8th Ed., Chapter VII, p. 371 et seq.; and 50 Am. Jur., Statutes, Section 170.

While the presumption of the constitutionality of a statute is not conclusive it takes clear and convincing proof of unreasonableness or arbitrariness to successfully rebut it. As stated in 17 M. J. Statutes, Section 29, "A statute will not be declared unconstitutional unless its repugnance to the constitution be plain and palpable." In the instant case the defendants assert that the statute is arbitrary, unreasonable and capricious in its application. No proof, however, was offered in support of this assertion, the case having been submitted for decision on the pleadings. In the circumstance of the present record there is no way to determine whether the statute was applied in the manner alleged by the defendants.

An examination of the statute fails to reveal any language that would render it unconstitutional. This is a tax which the vendor shall collect from the purchaser and pay to the tax commissioner for the privilege of selling tangible personal property and of dispensing certain selected services. Code, 1931, 11-15-3, as amended. Said vendor, Calco in the instant case, merely collects and holds this tax money for the state. This money, in effect, is held in trust.

Turning now to Section 17 of the above chapter and article of the code, the defendants complain that such section is unconstitutional on its face because it holds liable for the subject tax the officers of the corporation. They acknowledge that the officer or officers responsible for the collection of the tax and for its payment to the state may properly be held liable, but, they say, since the statute refers to "the officers," a person who is remotely connected to the corporation and who has no duties or responsibilities in relation to the tax may be called upon to pay this tax debt.

Let us examine the defendants' position. Actually they are saying that officers of a corporation who have the

duty and responsibility to collect and remit this tax may be held personally liable therefor. They complain, however, that because the statute may be applied so as to attach liability to an officer who has no possible responsibility in relation to the tax, such statute is unconstitutional. This position is contrary to the well established principles of statutory construction and is entirely without merit.

The presumption of constitutionality of a statute, referred to above, is so well defined in the law that where a statute is susceptible of application in a valid or in an invalid manner it will, ordinarily, be held valid. The burden is on the assailing party to prove its invalidity. *Colonial Pipeline Co.* v. *Commonwealth,* 206 Va. 517, 145 S. E. 2d 227. In this circumstance courts will not, on the mere possibility of an unconstitutional application, declare a statute invalid.

This Court has repeatedly held that a statute may be constitutional on its face but may be applied in an unconstitutional manner. This is cogently reflected in *Norfolk and Western Railway Company* v. *Field,* 143 W. Va. 219, 100 S. E.2d 796, wherein the Court said in point 3 of the syllabus, "A taxing statute, though valid on its face, may be invalid when applied to particular circumstances or conditions of a particular taxpayer." Demonstrating that the burden of proof in establishing unconstitutionality of the statute rests on the assailant of the tax is point 4 of the syllabus which reads as follows: "To establish that a taxing statute, valid on its face, is so unreasonable or arbitrary as to amount to a denial of due process of law when applied in a particular case, the taxpayer must prove by clear and cogent evidence facts establishing unreasonableness or arbitrariness." See *State ex rel. Battle* v. *The Baltimore and Ohio Railroad Company,* 149 W. Va. 810, 143 S. E.2d 331; *G-M Realty, Inc.* v. *City of Wheeling,* 146 W. Va. 360, 120 S. E.2d 249; *Farley* v. *Graney,* 146 W. Va. 22, 119 S. E.2d 833; *State ex rel. Schroath* v. *Condry,* 139 W. Va. 827, 83 S. E.2d 470; and *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E.2d 747.

Applying the above principles to the instant case we find that the statute in question is constitutional on its face; that there is a complete lack of proof that such statute is being applied in an unreasonable, arbitrary or capricious manner; and that in the absence of such proof and on the facts as now reflected by the record the statute, Code, 1931, 11-15-17, as amended, is constitutional. Each case, where the constitutionality of a statute is questioned, must be determined on its own particular facts. *Carter* v. *City of Bluefield,* 132 W. Va. 881, 54 S. E.2d 747.

For the reasons stated in this opinion the judgment of the Circuit Court of Cabell County is reversed and the case is remanded to that court for further proceedings consistent with the principles enunciated herein.

*Reversed and remanded.*