**In re David Spenser BOWEN and Ella Maxine Bowen, Debtors.**

**Bankruptcy No. 87–20916.**

United States Bankruptcy Court,
S.D. West Virginia.

June 14, 1990.

**478**

Steven L. Thomas, Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for debtors.

Robert Weinberger, West Virginia State Tax Dept., Charleston, W.Va.

## MEMORANDUM OPINION ON MOTION FOR DETERMINATION OF TAX LIABILITY

RONALD G. PEARSON, Bankruptcy Judge.

Pending before the Court is Debtors' amended motion for determination of tax liability and for an order voiding tax liens placed by the State of West Virginia. Debtor David Bowen is a responsible officer of the following five corporations: Bowen Land Development Co., Inc.; Bowen Pharmacy of Kanawha City, Inc.; Bowen Reed Furniture Co., Inc.; Bowen Reed Furniture Co. of Danville, Inc.; Colonial Wholesale, Inc. The West Virginia Tax Department has asserted claims personally against Mr. Bowen and against property of the estate for various taxes which the Tax Department states were owed by the corporations but unpaid.

At a hearing March 8, 1989, at which time attorneys for the Debtors and the Tax Department presented a Stipulation of Facts to be used by the Court in ruling on Debtors' amended motion, the Court heard evidence on the issue of whether certain consumer sales tax and certain wage withholding tax returns were filed by Bowen Reed Furniture Co., Inc. The matter was taken under advisement by the Court. Supporting and response memoranda were filed by the parties.

The Court will first address the issue of whether certain tax returns listed in Paragraph 8 of the Stipulations were filed by Bowen Land Development Co., Inc., by Bowen Reed Furniture Co., Inc. and by Colonial Wholesale, Inc. The different claims will be identified and addressed by paragraph number below as they are addressed in numbered paragraphs of the Stipulation. The Stipulation is attached to and made a part of this Memorandum Opinion.

Paragraph 8 Returns Alleged Not Filed

■ A hearing was held March 8, 1989 during which the Court heard arguments on whether certain tax returns listed in Paragraph 8 of the Stipulation were filed. Whether these returns were filed is critical to the collectibility of these alleged tax liabilities under State statutes limiting periods for assessment and collection of taxes where returns are filed.

The Tax Department states that its records do not reflect the filing of certain returns for Bowen Land Development Co., Inc., for Bowen Reed Furniture Co., Inc., or for Colonial Wholesale, Inc. Debtors do not dispute missing returns for Colonial Wholesale, Inc.

The Debtors presented Ivey Reed, who was the manager of Bowen Reed Furniture Co., Inc. during the period from June 12, 1982 through July, 1983. Mr. Reed testified that it was the general business practice of the corporation during that period to file all required tax returns, and he explained the system the corporation used to ensure that such returns were filed. Mr. Reed testified that, to the best of his recollection, he filed all returns due the state of West Virginia during his period as manager. In addition, Debtors produced evidence that a consumer sales tax return for Bowen Reed Furniture for January, 1985, which was reported by the computerized records of the Tax Department as not filed, was located in the files of the Tax Department. Debtors argue that this shows the Tax Department's records are not complete.

The Tax Department presented Michael Garretson, a tax audit clerk with the Department, who had checked the Department's computer records and found that several returns which should have been filed by Bowen Reed Furniture Co., Inc. did not appear to have been filed according to those records. He explained the procedure by which the Department enters returns into the Department's computer system.

■ The Debtors introduced no tangible evidence that the alleged missing returns were filed except for a copy of one consumer sales tax return of Bowen Reed Furniture Co., Inc. for the period of January,

1985 found in the Department's files. This return the Court accepts as filed. Concerning the other disputed returns, the Court is asked to decide on the basis of testimony regarding business practices of the two parties. Because it is the affirmative duty of the responsible officers of a corporation to see that the required business returns are filed, they must carry the burden of proving that statutory requirements of filing have been met. The Court accepts the Tax Department's records as raising a rebuttable presumption that, except for the January, 1985 return found in the Tax Department's files, the business organizations did not file returns for those periods in question. The Debtors, who had custody and control of the records of the businesses, presented no canceled checks, no check stubs, no office memoranda or any other tangible evidence that the disputed returns were filed. The Debtors, therefore, have failed to carry their burden of proof, and the Court finds that except for the January, 1985 consumer sales tax return of Bowen Reed Furniture Co., Inc., the returns listed in Paragraph 8 of the Stipulation were not filed.

Paragraph 4   Claims

■ As a result of a field audit of the books and records of Bowen Reed Furniture Co., Inc. performed by the Tax Department, taxes of $24,796.41 were assessed against the corporation and that assessment became final March 27, 1984, pursuant to W.Va.Code § 11–10–8. Because Bowen Reed Furniture Co. failed to pay the taxes assessed against it, the Tax Department issued a jeopardy assessment against the Debtors personally on April 1, 1987 for the furniture company's consumer sales tax liability for the periods of January, 1978 through August, 1983, and two later periods. Tax liability for the two later periods are not contested and will not be treated here. With additions and interest, the amount showing in the Stipulation as contested for the January, 1978 through August, 1983 periods totals $30,013.57. Pursuant to this Court's finding in the preceding section of this Memorandum Opin-

ion, returns for the periods from February, 1984 through April, 1984 are deemed not to have been filed. The return for January, 1985 is deemed filed.

The Debtors, citing West Virginia Code § 11–10–15, argue that the jeopardy assessment issued against them April 1, 1987 is void as to tax liabilities attributable to periods ending prior to April 1, 1984 because the period of limitations for assessing those tax liabilities had expired at the time of the jeopardy assessment. Section 11–10–15(a) provides that taxes shall be assessed within three years after the date the return was filed, but if a fraudulent return is filed to evade taxes, or if no return is filed, assessment may be made at any time.

West Virginia Code § 11–10–16(a) requires that where assessment is issued, every proceeding for collection shall be commenced within five years after the date such assessment becomes final.

The Tax Department asserts that the Notice of Jeopardy Assessment issued against the Debtors April 1, 1987 was a collection action commenced within five years of the original assessment becoming final.

A plain reading of § 11–15–17 makes clear that as to officers of a corporation, payment in the amount of delinquent corporate sales tax and related liabilities is to be "enforced against them as against the association or corporation which they represent." The West Virginia Code separately treats limitations on assessment and on collection in §§ 11–10–15 and 11–10–16. The West Virginia Code authorizes collection by foreclosure in § 11–10–12, or by levy and distraint in § 11–10–13. The Tax Department cites no authority for its position that issuance of a notice of jeopardy assessment is a collection action and, for the reasons expressed in this paragraph, the Court does not accept it as such. The Court holds that notice of a jeopardy assessment does not constitute a collection action as contemplated by W.Va.Code § 11–10–16(a).

Section 11–10–15 provides that where a return is filed, assessment of taxes must be made within three years from the last date on which the taxpayer was required by law to file a return. The Court finds Mr. Bowen not liable for the contested tax, additions to tax and interest arising out of West Virginia consumer sales and use tax liability of Bowen Reed Furniture Co., Inc. for the periods January, 1978 through August, 1983, for which returns were filed, because the assessment issued April 1, 1987 against Mr. Bowen was beyond the three-year period of limitations for assessment established by § 11–10–15(a). Accordingly, any lien related to this underlying corporate liability placed on property of the Debtors is void. For those periods for which returns are found not to have been filed, the years of 1982 and 1983, Mr. Bowen shall be liable if properly assessed. Those sales taxes are for a taxable year ending on or before the date of the filing of the petition for which returns were last due after three years before the date the petition was filed, and are therefore excluded from discharge. 11 U.S.C. §§ 727(b); 523(a)(7); 507(a)(7)(A)(i).

Paragraphs 5 and 6 B & O Tax Claims

■ The Tax Department asserts a claim against the Debtors for pre-petition tax, interest and additions to tax for unpaid business and occupation [B & O] taxes of Bowen Pharmacy of Kanawha City, Inc. for part of 1983; of Bowen Reed Furniture Co., Inc. for January 1978 through December, 1982 and part of 1983; for Bowen Reed Furniture Co. of Danville, Inc. for 1983 and 1984; and of Colonial Wholesale, Inc. for certain periods in 1985 and 1986.

In support of its claim that the Debtors are personally liable for these corporate taxes, the Tax Department cites an opinion of the Attorney General of West Virginia issued December 22, 1980. That opinion addressed whether a retailer or wholesaler could collect an estimated State and city B & O tax from the consumer by adding a separate and distinct charge to the price of property sold or service rendered. The opinion stated that the purpose of the State's B & O tax statutes is to levy an annual privilege tax against persons on account of their business and other activities, for the privilege of doing business in this

State. In writing that the tax was not to be directly absorbed by the consumer, the opinion stated: "It is the personal liability of the taxpayer and is a lien against his property." It is this sentence on which the Tax Department relies in asserting that unpaid corporate B & O taxes are the personal liability of the responsible officer.

The Debtors correctly argue that the Attorney General's opinion is not relevant to the issue of a corporate officer's liability for unpaid B & O taxes owed by the corporation to the State. The definition of "person" under West Virginia Code § 11-10-4(b) includes a corporation. The persons against whom the B & O taxes were levied were the three corporations. In this instance, the taxpayers liable for the B & O taxes were those three corporations. There is no statutory authority to transfer these obligations to the corporations' officers. The Tax Department's claims against Mr. Bowen for these B & O tax liabilities are invalid.

Paragraph 5 Sales Tax Claims For Periods Prior to December 17, 1984

■ The Tax Department asserts a claim in the Debtors' case for pre-petition tax, interest and additions to tax for unpaid consumer sales and service taxes of Bowen Pharmacy of Kanawha City, Inc., of Bowen Reed Furniture Co. of Danville, Inc., and of Colonial Wholesale, Inc., owed for periods prior to December 17, 1984. These taxes were never assessed against Mr. Bowen. Returns were filed.

The Tax Department argues that because assessment of these taxes was not made, the Department has five years after the tax returns were filed to commence collection action. As authority for this assertion, the Department relies on § 11-10-16(b), which reads:

(b) *Where assessment is not issued.*— Every proceeding instituted by the tax commissioner for the collection of the amount determined to be due by methods provided by law other than the issuance of an assessment, of any tax, additions to tax, penalties or interest imposed by this article ... shall be brought or commenced within five years after the date

on which the taxpayer filed the annual return required to be filed by any of the articles of this chapter and, if no annual return is required, such five-year period shall begin on the day after the latest periodical return required to be filed in any year is filed.

W.Va.Code § 11-10-16(b).

A careful reading of § 11-10-16(b) reveals that proceedings which may be commenced under this statute five years after annual returns are filed are only proceedings to collect amounts *determined to be due by methods provided by law other than the issuance of an assessment.* Section 11-10-6 provides methods by law other than assessment for determining tax due in the event of mathematical or clerical errors made on a return and in the event a correct tax return is filed reflecting a balance due the State and full payment thereof has not been made. In these instances, assessment is not required because the amount owed is admitted by the taxpayer. This is not the situation existing with the Paragraph 5 sales tax claims considered here. Where returns were filed, those claims were to have been assessed within three years after the dates the returns were filed, pursuant to § 11-10-15(a).

The various consumer sales and service tax claims listed in Paragraph 5 of the Stipulations were for periods ending July, 1984, or earlier. To the extent returns for these tax liabilities were filed by the various responsible corporations prior to December 17, 1984, and assessments were not issued prior to December 17, 1987 against Mr. Bowen for the resulting liabilities arising under § 11-15-17, the Department is barred by §§ 11-10-15 and 11-10-16 from attempting to assess or collect these taxes. The Department's claims against the Debtors' property for these liabilities are not valid.

Paragraph 5 Withholding Tax Claim For Period Prior to December 17, 1984

■ The Tax Department asserts a claim for interest and additions to tax related to wage withholding taxes for June, 1983 for Bowen Reed Furniture Co., Inc., in the amount of $49.80. Mr. Bowen was never

personally assessed for this amount. The Tax Department does not dispute that a return was filed. Because the statutory period for assessment, limited by § 11–10–15(a), ended prior to the time the Debtor's bankruptcy petition was filed, the tax claim cannot be valid. Additionally, § 11–10–19, which allows, against a person who fails to collect, account for, and pay over wage withholding taxes, a money penalty in the amount of the tax not paid over, does not provide for imposing interest and additions to tax on the person against whom the money penalty is assessed.

Paragraph 6 Sales Tax Claims for Periods Subsequent to December 17, 1984

■ The Tax Department asserts a claim against the Debtors for pre-petition consumer sales and service tax, interest and additions to tax for several periods occurring from the beginning of December, 1984 through December, 1986. The Department has not assessed the Debtors personally for these alleged liabilities.

West Virginia Code § 11–15–17 establishes that corporate officers may be required to account personally for corporate consumer sales taxes not paid by the corporations they manage. *Haden v. Calco Awning & Window Corp.*, 153 W.Va. 524, 170 S.E.2d 362 (1969). West Virginia Code § 11–10–15(a) requires that where non-fraudulent returns are filed, assessment shall be within three years of the date the return was filed, whether or not such return was filed on or after the date prescribed for filing. If no return is filed, or if a false or fraudulent return is filed, assessment may be at any time. The running of the limitations on assessment provided in § 11–10–15(a) and on collections provided by § 11–10–16(a) shall, in a case under Title 11 of the United States Code, be suspended for the period during which the tax commissioner is prohibited by reason of such case from assessing or collecting the tax, and shall extend for assessment sixty days thereafter, and for collection, six months thereafter. § 11–10–15(d).

Because 11 U.S.C. § 362(a)(6) stayed assessment against Mr. Bowen when the

Debtors filed their Chapter 7 petition December 17, 1987, the Tax Department, through W.Va.Code § 11–10–15(d), is provided 60 days after the stay is discontinued to assess Mr. Bowen for the tax. Except where stay relief may be granted, Bankruptcy Code § 362(c) provides:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
>> (A) the time the case is closed;
>> (B) the time the case is dismissed; or
>> (C) if the case is a case under chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied.

11 U.S.C. § 362(c).

Because returns for all of the consumer sales taxes asserted against the Debtors in Paragraph 6 could have been filed only after December 30, 1984, the three-year assessment period was suspended by the Debtors' bankruptcy filing December 17, 1987. A Discharge Order was entered in the Debtors' Chapter 7 case March 8, 1990. Because these tax liabilities were at issue in this litigation, the 60–day extension of the assessment period following discharge provided by W.Va.Code § 11–10–15(d) has been suspended, and the Department is given 60 days from the time of the entry of the Order accompanying this Memorandum Opinion to assess Mr. Bowen for these tax liabilities. The liability is not discharged because it falls within the exceptions to discharge provided in §§ 523(a)(1)(A) and 507(a)(7)(A)(i).

Paragraph 6 Withholding Tax Claims

The Tax Department asserts against the Debtors penalties for withholding taxes, interest and additions to tax for Colonial Wholesale, Inc. for periods ending June and September of 1985, June and September of 1986, and December, 1986. These claims were never assessed against the Debtors.

As is discussed in the prior section of this Memorandum Opinion addressing

Paragraph 5 withholding tax claims, W.Va. Code § 11–10–19(a) allows the Department to assert against the responsible officer who failed to collect, account for and pay over trust fund taxes a money penalty in the amount not collected or accounted for and paid over. Because the assessment period was suspended by the bankruptcy filing and by this litigation, assessment of the money penalty will be valid if made within 60 days of the entry of the Order accompanying this memorandum Opinion. No penalties in the amount of interest or additions to tax may be assessed against Mr. Bowen. W.Va.Code § 11–10–19(a).

### Paragraph 7 Personal Income Tax Claim

The Debtors do not contest liability for pre-petition personal income tax, interest and additions to tax for 1986 and for post-petition personal income tax, interest and additions to tax for 1987. These liabilities are not discharged. §§ 523(a)(7) and 507(a)(7)(A)(iii).

### ORDER ESTABLISHING LIABILITY FOR AND DISCHARGEABILITY OF STATE TAX CLAIMS, VOIDING TAX LIEN, AND SETTING PERIOD FOR ASSESSMENT

For the reasons set forth in the Memorandum Opinion issued by the Court this day, it is accordingly

ORDERED that the consumer sales tax return of Bowen Reed Furniture Co., Inc. for January, 1985 is deemed filed with the West Virginia State Tax Department. All other tax returns alleged not filed in Paragraph 8 of the Stipulation of Facts attached to and made a part of this Order are deemed not filed with the Tax Department. It is further

ORDERED that jeopardy assessment does not constitute a collection action as contemplated by West Virginia Code § 11–10–16(a). It is further

ORDERED that David S. Bowen is not liable for tax, additions to tax and interest arising out of West Virginia consumer sales and use tax liability of Bowen Reed Furniture Co., Inc. for the period January, 1978 through August, 1983, and any lien related to this corporate liability placed on property of the Debtors is void. It is further

ORDERED that David S. Bowen shall be liable, if properly assessed, for West Virginia consumer sales taxes of Bowen Reed Furniture Co., Inc. for the years 1982 and 1983, periods in which returns were found not to have been filed. These liabilities are excluded from discharge. It is further

ORDERED that David S. Bowen is not liable for unpaid corporate business and occupation tax liabilities listed in Paragraphs 5 and 6 of the Stipulation of Facts. It is further

ORDERED that assessment or collection action against David S. Bowen or property of the Debtors for unpaid consumer sales and service tax owned by Bowen Pharmacy of Kanawha City, Inc., by Bowen Reed Furniture Co. of Danville, Inc., and by Colonial Wholesale, Inc., as listed in Paragraph 5 of the Stipulation of Facts, for periods ending July, 1984 or earlier, is barred where returns were filed prior to December 17, 1984 and assessment was not completed prior to the Debtors' bankruptcy filing December 17, 1987. It is further

ORDERED that the claim in the Debtors' case for interest and additions to tax related to wage withholding taxes for June, 1983 for Bowen Reed Furniture Co., Inc., as stated in Paragraph 5 of the Stipulation of Facts, is not valid. It is further

ORDERED that the West Virginia Tax Department shall have sixty (60) days from the entry of this Order to assess David S. Bowen for consumer sales and service tax liability for periods occurring from the beginning of December, 1984 through December, 1986, as stated in Paragraph 6 of the Stipulation of Facts. This liability is not discharged. It is further

ORDERED that assessment of the money penalty associated with wage withholding tax claims appearing in Paragraph 6 of the Stipulation of Facts may be made against David S. Bowen within sixty (60) days of the entry of this Order. No penalties in the amount of interest or additions

to tax may be assessed against Mr. Bowen. It is further

ORDERED that the liabilities listed in Paragraph 7 of the Stipulation of Facts, uncontested by the Debtors, are not discharged.

## APPENDIX

### STIPULATION OF FACTS

The following facts are hereby stipulated by and between David & Ella Bowen, the above-named Debtors, by counsel, and the West Virginia State Tax Department, by counsel. These stipulations are offered exclusively for the purpose of resolving the contested matter between the Debtors and the West Virginia State Tax Department raised by the Debtors Amended Motion For Determination Of Tax Liability And For Order Voiding Tax Lien.

1. The Debtors filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of West Virginia on December 17, 1987.

2. David Bowen is a responsible officer of the following corporations:
   1. BOWEN LAND DEVELOPMENT COMPANY, INC.
   2. BOWEN PHARMACY OF KANAWHA CITY, INC.
   3. BOWEN REED FURNITURE COMPANY, INC.
   4. BOWEN REED FURNITURE COMPANY OF DANVILLE, INC.
   5. COLONIAL WHOLESALE, INC.

3. The State Tax Department conducted a field audit of the books and records of Bowen Reed Furniture Company, Inc. in September of 1983. Pursuant to the aforementioned audit, a Notice of Assessment in the amount of $24,796.41 was mailed to Bowen Reed Furniture Company, Inc. by certified mail on January 26, 1984, and was received by Bowen Reed Furniture Company, Inc. on January 27, 1984. Bowen Reed Furniture Company, Inc. failed to file a verified petition for reassessment or to pay these taxes within sixty (60) days from January 27, 1984. Thus, this assessment became final on March 27, 1984, pursuant to West Virginia Code § 11–10–8.

4. Due to the failure of Bowen Reed Furniture Company, Inc. to pay the taxes assessed against it, the State Tax Department issued a jeopardy assessment against the Debtors on April 1, 1987, for the consumer sales and service tax liability of Bowen Reed Furniture Company for the periods of January, 1978—August, 1983; May, 1984—December, 1984; and February, 1985—October, 1985. As a result of this jeopardy assessment, the State Tax Department claims pre-petition tax, interest and additions to tax. Calculation of interest is made in accordance with West Virginia Code § 11–10–17(a), and calculation of additions to tax is made in accordance with § 11–10–18(a)(2). It is stipulated that the amounts so calculated are as follows:

| PERIOD | TAX | ADDITIONS TO TAX | INTEREST | TOTAL |
|---|---|---|---|---|
| 1/78—8/83 | $18,632.68 | $4,658.17 | $6,722.72 | $30,013.57 |
| 5/84—12/84 | $ 2,687.31 | $1,068.30 | $ 548.83 | $ 4,304.44 |
| 2/85—10/85 | $ 1,805.74 | $ 639.21 | $ 250.18 | $ 2,695.13 |

5. In addition, the State Tax Department asserts a claim against the Debtors for pre-petition tax, interest and additions to tax for unpaid taxes of the corporations listed in paragraph 2 for periods prior to December 17, 1984, pursuant to West Virginia Code § 11–13–14 (business & occupation tax); § 11–15–16 (consumer sales and service tax); and § 11–21–74(c) (withholding tax). Calculation of interest is made in accordance with West Virginia Code § 11–10–17(a), and calculation of additions to tax is made in accordance with § 11–10–18(a)(2). It is stipulated that the amounts so calculated are as follows:

**BOWEN PHARMACY OF KANAWHA CITY, INC.**

| BUSINESS & OCCUPATION TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| 1983 Balance | $52.75 | $20.48 | $26.38 |

| CONSUMER SALES & SERVICE TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| April—July 1983 | $562.33 | $215.87 | $281.17 |

**BOWEN REED FURNITURE COMPANY, INC.**

| BUSINESS & OCCUPATION TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| January 1978—December 1982; 1983 Balance | $2,571.62 | $936.53 | $570.19 |

| WITHHOLDING TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| June 1983 | – | $7.43 | $42.35 |

**BOWEN REED FURNITURE COMPANY OF DANVILLE, INC.**

| BUSINESS & OCCUPATION TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| 1983—1984 Final | $682.97 | $228.34 | $96.95 |

| CONSUMER SALES & SERVICE TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| January 1979—July 1984 | $28,850.93 | $12,555.02 | $7,296.18 |

**COLONIAL WHOLESALE, INC.**

| CONSUMER SALES & SERVICE TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| December 1983 | $1,688.88 | $534.47 | $827.35 |

6. In addition, the State Tax Department asserts a claim against the Debtors for pre-petition tax, interest and additions to tax for unpaid taxes of the corporations listed in paragraph 2 for periods subsequent to December 17, 1984, pursuant to West Virginia Code § 11–13–14 (business & occupation tax); § 11–15–16 (consumer sales and service tax); and § 11–21–74(c) (withholding tax). Calculation of interest is made in accordance with West Virginia Code § 11–10–17(a), and calculation of additions to tax is made in accordance with § 11–10–18(a)(2). It is stipulated that the amounts so calculated are as follows:

**BOWEN REED FURNITURE COMPANY, INC.**

| WITHHOLDING TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| January 1985—October 1985 | $209.31 | $50.49 | $80.20 |

**COLONIAL WHOLESALE, INC.**

| BUSINESS & OCCUPATION TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| March 1985; September 1985; April 1986; July 1986; October 1986 Annual | $378.87 | $94.38 | $311.04 |

| CONSUMER SALES & SERVICE TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| December 1984—March 1985; May 1985—December 1985; January 1986—December 1986 | $4,165.40 | $1,034.09 | $2,149.23 |

| WITHHOLDING TAX | TAX | INTEREST | ADDITIONS |
| --- | --- | --- | --- |
| June 1985; September 1985; June 1986; September 1986; December 1986 | $73.82 | $31.82 | $162.81 |

7. The State of West Virginia asserts a claim against the Debtors for pre-petition personal income tax liability for the tax year 1986 in the following amount:

| TAX | INTEREST | ADDITIONS | TOTAL |
| --- | --- | --- | --- |
| $3,616.00 | $144.64 | $904.00 | $3,769.68 |

In addition, the State of West Virginia asserts a claim against the Debtors for post- petition personal income tax liability for the tax year of 1987 in the following amount:

| TAX | INTEREST | ADDITIONS | TOTAL |
|---|---|---|---|
| $110.00 | $1,592.85 | $2,654.75 | $4,445.48 |

8. The records of the State Tax Department do not reflect the filing of the following returns:

**BOWEN LAND DEVELOPMENT COMPANY, INC.**

| | |
|---|---|
| BUSINESS & OCCUPATION TAX | 1982 & 1983 (Entire Years) |
| CONSUMER SALES & SERVICE TAX | 1982 & 1983 (Entire Years) |

**BOWEN REED FURNITURE COMPANY, INC.**

| | |
|---|---|
| CONSUMER SALES & SERVICE TAX | February 1984—April 1984 |
| | January 1985 |
| WITHHOLDING TAX | June 1982—December 1982 |
| | February 1983—April 1983 |
| | October 1983 |
| | February 1984—April 1984 |
| | December 1984 |

**COLONIAL WHOLESALE, INC.**

| | |
|---|---|
| BUSINESS & OCCUPATION TAX | June 1987 Annual |
| CONSUMER SALES & SERVICE TAX | April 1985 |
| | January 1987—June 1987 |
| WITHHOLDING TAX | 1st Quarter 1986 |
| | 1st Quarter 1987 |
| | 2nd Quarter 1987 |
| | 1st Quarter 1988 |

9. The State Tax Department has not assessed the Debtors personally for any alleged tax liability set forth in paragraphs 5, 6 and 8.

10. The State Tax Department asserts a claim against the debtors in the amount of $114,105.40.

11. This stipulation is limited to an admission of the truth of the facts stipulated.

12. The parties reserve the right to offer evidence as to all facts not expressly agreed upon.

It appearing so stipulated and agreed, it is so ORDERED.

DATE: _____

_____
JUDGE

Approved by:

/s/ Steven L. Thomas
Steven L. Thomas, Esquire

/s/ Robert Weinberger
Robert Weinberger, Esquire