# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 7, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0599** (Mineral County 09-F-47)

**Bradley Scott Smith,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bradley Scott Smith, by counsel Agnieszka Collins, appeals the order of the Circuit Court of Mineral County entered April 4, 2012, sentencing him, following revocation of his supervised release, to a four year term of incarceration and a six year term of post-release supervision pursuant to West Virginia Code § 62-12-26. The State, by counsel Marland L. Turner, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2009, petitioner entered a plea of guilty to one count of third degree sexual assault. He also entered a plea of guilty to the misdemeanor offenses of obstructing an officer, possession of a controlled substance, and telephone harassment. The circuit court imposed a sentence that included incarceration, probation, and supervised release.[1]

Petitioner was discharged from his term of imprisonment for the third degree sexual assault conviction, and was placed on a ten year period of supervised release and an eighteen month period of probation. Thereafter, the circuit court found that petitioner violated the terms of his probation. The circuit court reinstated petitioner's probation on October 19, 2011, on the condition that he participate in alcohol monitoring and a community corrections program.

In February of 2012, this matter came before the circuit court for a preliminary hearing

---

[1]The circuit court sentenced petitioner to one to five years for the offense of third degree sexual assault, including ten years of supervised release. He was sentenced to six months for the offense of obstructing an officer, ninety days for the offense of possession of a controlled substance, and six months for the offense of telephone harassment. For the misdemeanor offenses, petitioner was placed on probation that was to commence after his term of incarceration for the offense of sexual assault in the third degree.

pursuant to an amended petition for revocation of probation, community corrections program, and post-release supervision. At the March 23, 2012, final revocation hearing, the State presented evidence from the petitioner's probation officer and the director of community corrections that petitioner had multiple violations of the terms of his release. The circuit court revoked petitioner's supervised release, and found,

> [Petitioner] has failed to complete the drug and alcohol, or the Day Report Program, which was a key factor in his release and in the probation. He also had curfew violations, associated with people he knew were drug users, and failed to make meaningful efforts to gain employment. He was generally uncooperative with people that were trying to help him.

Upon revocation, the circuit court sentenced petitioner to a four year term of incarceration, and a six year term of post-release supervision pursuant to West Virginia Code § 62-12-26, which states, in part,

> (g) Modification of conditions or revocation. – The court may:
> . . .
> (3) Revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release.

The circuit court ended petitioner's probation and imposed an eighteen month term of imprisonment for the misdemeanor offenses set to run concurrently with the four year term of incarceration.

On appeal, petitioner argues that West Virginia Code § 62-12-26 violates the double jeopardy provisions of the United States Constitution and the West Virginia Constitution because the statute does not require that the circuit court grant credit for time served on supervised release. Petitioner notes that when the four year term of incarceration is added to the six year term of supervised release, along with the few months that he previously served under supervised provision, the total exceeds his original sentence of ten years of supervised release. Petitioner also contends the statute is unconstitutional because the involuntary application of post-release supervision and the revocation thereof is cruel and unusual punishment and disproportionate to the offenses to which petitioner pled guilty.

The State responds that petitioner's constitutional arguments are without merit. The statute clearly provides that an offender does not have a right to credit for time served while on supervised release against a subsequent prison term. Supervised release is analogous to probation. This Court has held that a defendant does not have a right to credit for time served while on probation, even after a period of some form of incarceration or treatment. *State v. Cooper*, 167 W.Va. 322, 330-31, 280 S.E.2d 95, 100-101 (1981). The State also asserts that the

mandatory term of supervised release under West Virginia Code § 62-12-26 has been determined to be a constitutional exercise of the Legislature's prerogative in determining what steps are necessary to protect the public. This Court has stated, "[s]upervised release is a method selected by the Legislature to address the seriousness of these crimes to the public welfare and to provide treatment during the transition of offenders back into society with the apparent goal of modifying the offending behavior." *State v. James*, 227 W.Va. 407, 416, 710 S.E.2d 98, 107 (2011).

The assignments of error set forth by petitioner require the application of separate and distinct standards of review. We begin by addressing his challenges to the constitutionality of West Virginia Code § 62-12-26. "The constitutionality of a statute is a question of law which this Court reviews *de novo*." Syl. Pt. 1, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008). Additionally,

> "'"When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment." Point 3, Syllabus, *Willis v. O'Brien*, 151 W.Va. 628[, 153 S.E.2d 178 (1967)].' Syllabus Point 1, *State ex rel. Haden v. Calco Awning & Window Corp.*, 153 W.Va. 524, 170 S.E.2d 362 (1969)." Syllabus point 1, *U.S. Steel Mining Co., LLC v. Helton*, 219 W.Va. 1, 631 S.E.2d 559 (2005), *cert denied*, 547 U.S. 1179, 126 S.Ct. 2355, 165 L.Ed.2d 279 (2006).

Syl. Pt. 2, *Bayer MaterialScience, LLC v. State Tax Comm'r*, 223 W.Va. 38, 672 S.E.2d 174 (2008).

It is clear from a reading of this Court's opinion in *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011), that petitioner's arguments regarding the constitutionality of West Virginia Code § 62-12-26 are without merit. In *James*, we specifically found that the statute "does not facially violate due process principles . . . [t]he terms of the statute neither infringe upon a criminal defendant's right to jury determination of relevant factual matters, nor are the provisions of the statute regarding conditions of unsupervised release unconstitutionally vague." *Id.* at Syl. Pt. 9. Moreover, we indicated in *James* that this provision "does not on its face violate the double jeopardy provisions contained in either the United States Constitution or the West Virginia Constitution." *Id.* at Syl. Pt. 11. Finally, we found that this code provision does not violate the prohibition against cruel and unusual punishment. *Id.* at Syl. Pt. 6.

Petitioner next argues that a sentence under West Virginia Code § 62-12-26 must comply with West Virginia Code § 62-12-9(b)(4)[2] which limits the length of incarceration when such is

---

[2] West Virginia Code § 62-12-9(b) reads, in part,

In addition the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including, but not limited to any of the following:

. . .

included as a condition to probation. The State responds that West Virginia Code § 62-12-26 lacks any language that demonstrates the Legislature's intent to attach probationary limitations to the length of a sentence involving supervised release and incarceration. The State also argues that petitioner's interpretation is squarely at odds with the Legislative purpose of the statute as the method to safely transition offenders of serious sex crimes back into society. By giving the circuit courts discretion to impose significant terms of incarceration upon revocation, defendants have incentive to refrain from violating the terms of their supervised release.

We have held that, "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dept' of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995).

This Court finds that upon revocation of supervised release, the circuit court clearly has the discretion to impose a term of incarceration under West Virginia Code § 62-12-26. We find nothing in the plain language of that statute that would restrict the circuit court's ability to enforce the terms of supervised release by limiting incarceration to six months upon revocation. *See generally United States v. Purvis*, 940 F.2d 1276, 1279 (9th Cir. 1991) (statute providing for inclusion of term of supervised release after imprisonment authorizes "the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute").

Petitioner's remaining assignment of error is that the circuit court abused its discretion by finding that he violated the terms of his supervised release and probation. Petitioner contends that the circuit court abused its discretion because having a "pleasant personality" is not a term of probation. The State responds that the circuit court found multiple violations of petitioner's release, and chose to sentence him accordingly. Petitioner missed curfew. He twice tampered with his alcohol monitoring bracelet. Petitioner was observed repeatedly in the company of a woman he described as a "junkie." Finally, he was unable to complete his community corrections program, ordered by the circuit court, for several reasons: he did not comply with drug testing

---

(4) That he or she, in the discretion of the court, be required to serve a period of confinement in the county jail of the county in which he or she was convicted for a period not to exceed one third of the minimum sentence established by law or one third of the least possible period of confinement in an indeterminate sentence, but in no case may the period of confinement exceed six consecutive months. The court has the authority to sentence the defendant within the six-month period to intermittent periods of confinement including, but not limited to, weekends or holidays and may grant to the defendant intermittent periods of release in order that he or she may work at his or her employment or for other reasons or purposes as the court may deem appropriate: Provided, That the provisions of article eleven-a of this chapter do not apply to intermittent periods of confinement and release except to the extent that the court may direct. If a period of confinement is required as a condition of probation, the court shall make special findings that other conditions of probation are inadequate and that a period of confinement is necessary.

procedures, he discussed purchasing marijuana with other community corrections clients, and he was unable to work with any of the community corrections staff members due to his uncooperative and manipulative behavior.

As this Court has previously stated:

"When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke,* 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 1, *State v. Inscore,* 219 W.Va. 443, 634 S.E.2d 389 (2006). In this case, we find no abuse of discretion in the circuit court's decision to revoke petitioner's supervised release. The record of the final revocation hearing supports the circuit court's findings in that regard.

Having found petitioner's assignments of error to be without merit, we affirm the order of the Circuit Court of Mineral County.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II