# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-1544** (Marion County 10-F-181)

**Mark Allen Pifer,**
**Defendant Below, Petitioner**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark Allen Pifer's appeal, filed by counsel Scott A. Shough, arises from the Circuit Court of Marion County, which sentenced petitioner to one to five years in prison, with credit for time served; a lifetime commitment of registering as a sex offender with the West Virginia State Police; and twenty-five years of supervised release upon expiration of his prison sentence. This sentencing order, entered on September 10, 2012, followed petitioner's *Alford* plea of guilty[1] to first degree sexual abuse. The State, by counsel Marland L. Turner, filed a response in support of the circuit court's order. Petitioner argues that his requirement to serve supervised release is unconstitutional and disproportionate, and was imposed without considering the underlying nature of petitioner's crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, petitioner appeared before the circuit court to enter an *Alford* plea of guilty to first degree sexual abuse in violation of West Virginia Code § 61-8B-7(a)(3). Petitioner waived his rights to a pre-sentence report and, thereafter, the circuit court sentenced petitioner. Following the circuit court's acceptance of petitioner's plea agreement with the State, the circuit court sentenced petitioner to serve one to five years in prison, with credit for time served; register as a sex offender with the West Virginia State Police for the remainder of his life; and serve twenty-five years of supervised release upon expiration of his prison sentence. Before entering the orders that memorialized petitioner's plea and sentencing, the circuit court (1) reviewed, on the record, petitioner's plea agreement with the State, (2) read petitioner his "Notice and Acknowledgement of Sexual Offender Registration Requirements," which petitioner signed, and (3) was informed by petitioner's attorney that petitioner reviewed and understood the circuit court's "Order of Notification of Extended Supervision for Certain Sex Offenders." Following the entry of these orders and notice, petitioner filed his appeal challenging the circuit court's imposition of his supervised release requirement.

---

[1] The "*Alford* plea" is named after the decision in *N.C. v. Alford*, 400 U.S. 25 (1970).

1

"Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). We review sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). With these standards in mind, we turn to petitioner's arguments on appeal.

Petitioner argues that the supervised release provisions under West Virginia Code § 62-12-26 are unconstitutional under the proportionality principle and the prohibition against cruel and unusual punishment under the United States and West Virginia Constitutions. Petitioner further argues that the circuit court imposed extended supervision without considering the underlying nature of petitioner's crime or setting forth a factual basis for the term of supervision.

We begin by addressing petitioner's challenges to the constitutionality of West Virginia Code § 62-12-26. "The constitutionality of a statute is a question of law which this Court reviews *de novo*." Syl. Pt. 1, *State v. Rutherford*, 223 W.Va. 1, 672 S.E.2d 137 (2008). Additionally,

> ""When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment." Point 3, Syllabus, *Willis v. O'Brien*, 151 W.Va. 628[, 153 S.E.2d 178 (1967)].' Syllabus Point 1, *State ex rel. Haden v. Calco Awning & Window Corp.*, 153 W.Va. 524, 170 S.E.2d 362 (1969)." Syllabus point 1, *U.S. Steel Mining Co., LLC v. Helton*, 219 W.Va. 1, 631 S.E.2d 559 (2005), *cert denied*, 547 U.S. 1179, 126 S.Ct. 2355, 165 L.Ed.2d 279 (2006).

Syl. Pt. 2, *Bayer MaterialScience, LLC v. State Tax Comm'r*, 223 W.Va. 38, 672 S.E.2d 174 (2008).

It is clear from a reading of this Court's opinion in *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011), that petitioner's arguments regarding the constitutionality of West Virginia Code § 62-12-26 are without merit. In *James*, we specifically found that the statute at issue "does not facially violate due process principles . . . [t]he terms of the statute neither infringe upon a criminal defendant's right to jury determination of relevant factual matters, nor are the provisions of the statute regarding conditions of unsupervised release unconstitutionally vague." *Id.* at Syl. Pt. 9. We further found that this Code provision does not violate the prohibition against cruel and unusual punishment. *Id.* at Syl. Pt. 6.

Upon our review of the record and the briefs on appeal, we find that the circuit court did not abuse its discretion in sentencing petitioner. West Virginia Code § 62-12-26(a) directs that any criminal defendant convicted of a felony under Articles 8A, 8B, or 8C of Chapter 61 of the West Virginia Code shall serve a period of supervised release for up to fifty years. The circuit court's imposition of twenty-five years of supervised release is clearly within the confines of West Virginia Code § 62-12-26 and, therefore, is not subject to appellate review. A copy of the plea hearing transcript clearly shows that the circuit court thoroughly reviewed with petitioner

his plea agreement with the State, the "Notice and Acknowledgement of Sexual Offender Registration Requirements," and the "Order of Notification of Extended Supervision for Certain Sex Offenders." As part of these discussions, the circuit court explained that although petitioner was entering an *Alford* plea, his plea would have the same effect and consequences as if he was pleading guilty with factual admissions. The State thereafter proffered that if the case was tried, it would present evidence that on April 5, 2010, in Marion County, petitioner made sexual contact with the victim. The circuit court found this proffer as "a basis in fact" for petitioner's plea. Throughout the hearing, and at its conclusion, petitioner did not protest or express any misunderstanding to the circuit court's review of these provisions, including his requirement of twenty-five years of supervised release.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II