DONALD G. WILLIS

*v.*

THOMAS P. O'BRIEN, JUDGE
INTERMEDIATE COURT OF OHIO COUNTY

(No. 12555)

Submitted September 21, 1966. Decided February 28, 1967.

*Pinsky, Mahan, Barnes & Watson, McCamic & McCamic,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for defendant in error.

CAPLAN, JUDGE:

This is an appeal from a final order of the Circuit Court of Ohio County which denied the petitioner, Donald G. Willis, a writ of prohibition. On April 29, 1965, at a special term of the grand jury attending the Intermediate Court of Ohio County, West Virginia, the petitioner, Donald G. Willis, was indicted for murder. The indictment charges that Donald G. Willis on March 23, 1965, in Ohio County, "feloniously, wilfully, maliciously, deliberately and unlawfully did slay and kill, and murder one Evelyn Riedel Sherman, in that on the 22nd day of March, 1965, in Brooke County, West Virginia, the said Donald G. Willis did feloniously, wilfully and unlawfully employ and use upon the body of the said Evelyn Riedel Sherman, a female person, who was then and there pregnant with child, certain means, the character and description of which are to the grand jurors aforesaid unknown, with intent then and there to destroy such unborn child of

the said Evelyn Riedel Sherman & to produce the abortion and miscarriage of said Evelyn Riedel Sherman * * * ;". The indictment, after alleging that the abortion was not performed with the intention of saving the life of the mother or child, further states "and by reason of such abortion performed on her the said Evelyn Riedel Sherman did die in Ohio County, West Virginia on the 23rd day of March, 1965 ****".

On May 28, 1965 the petitioner filed a plea in abatement alleging that a trial on this indictment in Ohio County would constitute a violation of the constitutional provision assuring a defendant the right to be tried in the county where the offense was committed. The petitioner in a further plea in abatement alleged that the indictment failed to set forth that any mortal wound or other violation or injury was inflicted or administered in Brooke County.

By order dated June 14, 1965, the Intermediate Court overruled the petitioner's pleas in abatement and the case was set for trial. Donald G. Willis, on August 30, 1965, filed his petition for a writ of prohibition in the Circuit Court of Ohio County whereby he sought to prohibit the Honorable Thomas P. O'Brien, Judge of the Intermediate Court of Ohio County, from proceeding with a trial on this indictment. A rule was granted and the matter was fully heard. By order, dated October 22, 1965, a judgment was entered denying and dismissing the petition. It is from that judgment that this appeal is now being prosecuted.

Although subsidiary questions have been raised, the principal issue involved is whether the petitioner, in the circumstances of this case, may be tried in Ohio County. Venue, not jurisdiction, is our concern here. Jurisdiction is a constitutional endowment of power to hear and determine a cause. Thus, any court authorized by the Constitution, or a statute enacted pursuant thereto, to hear and determine a case involving a crim-

inal act has jurisdiction thereof. Venue, on the other hand, is merely the place of trial. It designates the particular county in which a court having jurisdiction may properly hear and determine the case. 19 M.J. Venue §2.

In the instant case the Intermediate Court of Ohio County unquestionably has jurisdiction to try a defendant on a charge of murder. Whether Ohio County is the proper venue for such trial is the question squarely presented in this proceeding.

Article III, Section 14 of the Constitution of West Virginia provides, in part, "Trials of crimes *** shall be *** in the county where the alleged offence was committed **." A defendant is thereby afforded a constitutional right to be tried in the county where the crime was committed and such right cannot be abrogated, either by the courts or by statute. Consequently, this court in *State v. Lowe*, 21 W. Va. 782, held unconstitutional and void a statute which authorized prosecution for a crime in a county in which the offense was not committed but which was committed within one hundred yards of the boundary line of the county. It becomes clear, therefore, that venue lies only in the county where the crime was committed and at no other place, unless the defendant waives his right or files a motion for a change of venue.

It is the primary position of the petitioner that, in view of the mandate in Article III, Section 14 of the Constitution of West Virginia, he must be tried in Brooke County, the county in which the abortion was allegedly committed. The threshold question, therefore, is to determine where the offense charged in the indictment was committed. In making this determination it is essential to consider, not only the language of the above constitutional provision, but also the indictment, the statute under which such indictment was returned and the statute employed in aid of this prosecution.

As herein noted, the indictment charges that Donald G. Willis did slay, kill and murder Evelyn Riedel Sherman in Ohio County by performing an unlawful abortion upon her in Brooke County. The statute under which this prosecution was instituted provides, in part: "Any person who shall administer to, or cause to be taken by, a woman, any drug or other thing, or use any means, with intent to destroy her unborn child, or to produce abortion or miscarriage, and shall thereby destroy such child, or produce such abortion or miscarriage, shall be guilty of a felony***; and if such woman die by reason of such abortion performed upon her, such person shall be guilty of murder ***." Code, 1931, 61-2-8.

This legislative enactment creates a statutory felony, criminal abortion at common law having been only a disdemeanor. *Smith v. State*, 33 Me. 48, 54 Am. Dec. 607; *Worthington v. State*, 92 Md. 222, 48 A. 355; *Commonwealth v. Trombetta*, 131 Pa. Super. 487, 200 A. 107; 2 Wharton's Criminal Law and Procedure, Section 737. However, this statute further provides that if the one upon whom the abortion was performed dies as a result thereof, the perpetrator of the abortion shall be guilty of murder. Thus, separate crimes are created by Code, 1931, 61-2-8, it being only when the woman dies by reason of the unlawful abortion that the crime of murder is committed. *State v. Lewis*, 133 W. Va. 584, 57 S. E. 2d 513.

Looking again to the indictment in the instant case, we must consider what offense was charged. The petitioner was not accused of the offense of unlawful abortion. He was charged with the offense of murder. The performance of the abortion of which he was guilty, if proved, occurred in Brooke County, but the death, making complete the offense of murder, as charged in the indictment, occurred in Ohio County. Under the provisions of Code, 1931, 61-2-8, the petitioner could not have committed murder unless and until death occurred as a result of his act. When such death occurred

he committed the murder, provided the essential elements be proved in a proper trial.

It is argued that the petitioner, Willis, could not have committed murder in Ohio County for the reason that he was not physically present in that county when the death occurred. There is substantial authority for the proposition that even though the presence of the accused within a county is considered essential to make his criminal act one which is done within that county, his presence may be constructive as well as actual. The theory of the law upon which this proposition is based is where one puts in force an agency for the commission of a crime, he, in legal contemplation, accompanies the agency to the point where it becomes effectual. See 21 Am. Jur. 2d, Criminal Law, Section 386.

In the instant case if the petitioner did in fact perform an unlawful abortion, he put in force an agency which, under the statute, could result in the crime of murder. In accordance with the foregoing theory he accompanied the agency to Ohio County, the point where the crime of murder became effectual. We are of the opinion, therefore, that the offense charged in the indictment was committed in Ohio County. See *Hauk v. State,* 148 Ind. 238, 46 N.E. 127; *People v. Southwick,* 272 Mich. 258, 261 N.W. 320.

The petitioner attacks as unconstitutional Code, 1931, 61-11-12, upon which the state further relies for placing venue of this case in Ohio County. That statute provides:

"If a mortal wound or other violence or injury be inflicted, or poison be administered, in one county, and death ensue therefrom in another county, the offense may be prosecuted in either."

It is contended that such statute is contrary to our constitutional provision which requires the trial of a crime in the "county where the alleged offence was

committed." Unlike the statute in effect when *State v. Lowe,* 21 W. Va. 782, was decided, Code, 1931, 61-11-12 does not provide that an offense may be prosecuted in a county other than that in which it was committed. It is a remedial statute and should be construed liberally to accomplish the purpose for which it was enacted. *Esque v. City of Huntington,* 104 W. Va. 110, 139 S. E. 469, 54 A.L.R. 785; *Hasson v. City of Chester,* 67 W. Va. 278, 67 S.E. 731; 17 M.J. Statutes, Section 72. That purpose is to correct the unreasonable principle established under the ancient common law to the effect that if a person were stricken in one county and died therefrom in another, he could be prosecuted in neither. Realizing the inequity of this situation, legislative bodies began to adopt remedial legislation. The statute under consideration is an example of such legislation.

Although our research reveals that the constitutionality of Code, 1931, 61-11-12 has never been challenged, it was held in *State v. Bragg,* 140 W. Va. 585, 87 S.E. 2d 689: "Under Code, 61-11-12, the venue for murder lies in the county where the fatal injury is inflicted, or if death occurs in another county, venue also lies in such other county." In *McNeeley ex parte,* 36 W. Va. 84, 14 S.E. 436, there was much dicta to the effect that the prosecution should take place where the blow was inflicted rather than where the death occurred. However, the Court held that under Chapter 144, Section 6 of the Code the place of death was the proper venue of the trial. The statute then in effect, while relating to a stroke rendered out of the state and death therefrom occurring in the state, embraced the same principle as that now found in Code, 1931, 61-11-12.

Having concluded herein that the offense was committed in Ohio County, the place where the death occurred, we hold untenable the contention that Code, 1931, 6-11-12 is unconstitutional. Furthermore, there is a presumption that the legislature in the passage of an act considered the Constitution and did not intend

to violate it. If an act is susceptible of two constructions the one giving validity thereto will be adopted. Therefore, every reasonable construction must be resorted to by a court in order to sustain constitutionality and any doubt must be resolved in favor of the constitutionality of the legislative enactment in question. *State ex rel. Battle v. Bailey*, 150 W. Va. 37, 146 S.E. 2d 686; *State ex rel. Appalachian Power Company v. Gainer*, 149 W. Va. 740, 143 S.E. 2d 351; *State ex rel. Slatton v. Boles*, 147 W. Va. 674, 130 S. E. 2d 192; *McNeeley ex parte*, 36 W. Va. 84, 14 S. E. 436; 17 M. J. Statutes, Section 29 et seq.

As noted above, the legislature did not, in enacting Code, 1931, 61-11-12, provide that an accused may be tried in a county other than that in which he was alleged to have committed an offense. It provided that he may be tried where the blow was rendered, or, if death resulted therefrom, at the place where the death occurred. The legislature said, in effect, that the offense of murder was committed where the mortal injury was inflicted or where the death, resulting from such injury, occurred. By so interpreting this statute we perceive no manner in which violence is done to an accused's constitutional rights.

We must presume that the legislature, in adopting this statute, was cognizant of Article III, Section 14 of the Constitution of West Virginia and intended to abide by its provisions. Considering the remedial purpose of this statute and the pertinent constitutional provision, we hold that no authority was granted by the statute to prosecute a defendant in a county other than that in which the offense was committed. Even if the language of the statute were not entirely clear, as related above, any doubt will be resolved in favor of the constitutionality thereof. The court said in Syllabus No. 1, in *Hasson v. City of Chester*, 67 W. Va. 278, 67 S. E. 731, ''That which is plainly within the spirit, meaning and purpose of a remedial statute,

636

though not therein expressed in terms, is as much a part of it as if it were so expressed."

We have carefully examined and considered the other assignments of error relied upon by the petitioner and have concluded, in view of our holding herein, that they are without merit.

For the reasons stated in this opinion, the judgment of the Circuit Court of Ohio County is affirmed.

*Affirmed.*