665 S.E.2d 687

## In re FELA ASBESTOS CASES

**(Mass Litigation Cases Consolidated for Appeal).**

**No. 33665.**

Supreme Court of Appeals of West Virginia.

Submitted April 1, 2008.

Decided July 2, 2008.

R. Scott Marshall, Esq., Robert F. Daley, Esq., D. Aaron Rihn, Esq., Robert Peirce & Associates, PC, Pittsburgh, PA, for Appellants.

Luke A. Lafferre, Esq., Alicia A. Deligne, Esq., Marc Williams, Esq., Huddleston Bolen, LLP, Huntington, WV, for CSX Transportation, Inc. and Norfolk Southern Railway Company.

Dean F. Favavolito, Esq., Anthony Sunseri, Esq., Burns, White & Hickton, LLC, Pittsburgh, PA, for Consolidated Rail Corporation, American Premier Underwriters, Inc. and CSX Transportation, Inc.

PER CURIAM.

In this appeal from the Circuit Court of Kanawha County, we are asked to review an order that dismissed the complaints filed by over a thousand railroad employees against their railroad employers. These employees contend that they have claims for relief under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* The parties stipulated that all of the employees reside outside of West Virginia, and stipulated that all of the employees' injuries occurred outside of West Virginia. Additionally, all of the railroad employers are incorporated outside of West Virginia.

The circuit court's December 14, 2006 order dismissed the employees' complaints solely upon the basis of *W. Va.Code,* 56–1–1(c) [2003]. That statute required the circuit court to automatically dismiss any claims filed by a nonresident under the Federal Employers' Liability Act against a nonresident railroad, if the acts or omissions giving rise to the nonresident's claim did not occur in West Virginia.

After careful consideration, we affirm the circuit court's dismissal order.

## I.

The appellees in this case are railroads, or the successors of railroads, that conduct business in West Virginia. None of the appellees—Consolidated Rail Corporation; American Premier Underwriters, Inc.; CSX Transportation, Inc.; or Norfolk Southern Railway Company—are incorporated in West Virginia.

The appellants are over a thousand railroad employees who allege that they were injured by exposure to various hazardous substances while working for the appellee railroads. The appellants are not residents of West Virginia and their alleged causes of action arose outside of West Virginia.

The Federal Employers' Liability Act provides that an injured railroad employee may bring an action against his or her employer in state or federal court in any jurisdiction in which that employer transacts business. The venue provision of the Act, 45 U.S.C. § 56, states in pertinent part:

> Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States.

In 2006, the appellants filed seven separate complaints against the appellees, in various West Virginia circuit courts, asserting causes of action under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* The appellants' complaints were later transferred to the Circuit Court of Kanawha County and consolidated for resolution.

The appellees promptly filed motions to dismiss the appellants' complaints for im-

proper venue, based upon *W. Va.Code*, 56–1–1(c) [2003], which then stated:[1]

Effective for actions filed after the effective date of this section, a nonresident of the state may not bring an action in a court of this state unless all or a substantial part of the acts or omissions giving rise to the claim asserted occurred in this state: Provided, That unless barred by the statute of limitations or otherwise time barred in the state where the action arose, a nonresident of this state may file an action in state court in this state if the nonresident cannot obtain jurisdiction in either federal or state court against the defendant in the state where the action arose. A nonresident bringing such an action in this state shall be required to establish, by filing an affidavit with the complaint for consideration by the court, that such action cannot be maintained in the state where the action arose due to lack of any legal basis to obtain personal jurisdiction over the defendant.

In a civil action where more than one plaintiff is joined, each plaintiff must independently establish proper venue. A person may not intervene or join in a pending civil action as a plaintiff unless the person independently establishes proper venue. If venue is not proper as to any such nonresident plaintiff in any court of this state, the court shall dismiss the claims of the plaintiff without prejudice to refiling in a court in any other state or jurisdiction.

The appellees asserted to the circuit court that the appellants' cases were filed after the effective date of *W. Va.Code*, 56–1–1(c) [2003]; that the appellants admitted that they were non-residents of West Virginia; and that none of the acts giving rise to the appellants' causes of action occurred in West Virginia. Additionally, the parties agreed that there was no impediment to filing the appellants' cases in venues other than West Virginia. The appellees therefore contended that the clear terms of *W. Va.Code*, 56–1–1(c) barred all of the appellants from filing their cases in West Virginia.

In an order dated December 14, 2006, the circuit court dismissed all of the appellants' complaints for lack of venue under *W. Va. Code*, 56–1–1(c). The appellants now appeal the circuit court's order.

## II.

This Court's review of a trial court's decision on a motion to dismiss for improper venue is normally examined for an abuse of discretion. Syllabus Point 1, *United Bank, Inc. v. Blosser*, 218 W.Va. 378, 624 S.E.2d 815 (2005). However, this case involves an examination of the constitutionality of *W.Va.Code*, 56–1–1(c) [2003]. Constitutional challenges relating to a statute are reviewed pursuant to a *de novo* standard of review. *Morris v. Crown Equipment Corp.*, 219 W.Va. 347, 352, 633 S.E.2d 292, 297 (2006) (*citing State ex rel. West Virginia Citizens Action Group v. West Virginia Economic Development Grant Committee*, 213 W.Va. 255, 261–262, 580 S.E.2d 869, 875–876 (2003)). *See also*, Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Additionally, as we stated in Syllabus Point 3 of *Willis v. O'Brien*, 151 W.Va. 628, 629, 153 S.E.2d 178, 179 (W.Va.1967):

When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment.

## III.

The Federal Employers' Liability Act was enacted by Congress for the humanitarian purpose of providing a remedy in federal and state courts to railroad employees for injuries and death resulting from their work on interstate railroads. *See Consolidated*

---

1. In 2007, *W.Va.Code*, 56–1–1 was substantially rewritten by the Legislature to eliminate paragraph (c). In its place, the Legislature enacted *W. Va.Code*, 56–1–1a [2007] to formally establish a doctrine of *forum non conveniens*.

*Rail Corp. v. Gottshall,* 512 U.S. 532, 542–43, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994).

■ The parties concede, however, that West Virginia's courts are not required to exercise jurisdiction over claims under the Act. The parties agree, and federal case law supports the conclusion, that the venue provision of the Act, 45 U.S.C. § 56, does not impose a mandatory duty upon a state court to exercise jurisdiction over a cause of action arising under the Act merely because the state court has acquired jurisdiction over the defendant. *See Mondou v. New York, N.H. & H.R. Co.,* 223 U.S. 1, 56–57, 32 S.Ct. 169, 56 L.Ed. 327 (1912); *Douglas v. New York, N.H. & H.R. Co.,* 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747 (1929).

The question in this case is whether the circuit court could decline jurisdiction over the appellants' complaints under the Federal Employers' Liability Act pursuant to the now-defunct 2003 variant of *W. Va. Code,* 56–1–1(c). That statute provided, in part, that "a nonresident of the state may not bring an action in a court of this state unless all or a substantial part of the acts or omissions giving rise to the claim asserted occurred in this state[.]"

The appellants concede that the circuit court properly applied *W. Va. Code,* 56–1–1(c) as it is written. However, the appellants contend that the trial court's application of the 2003 venue statute to dismiss the suits of non-resident plaintiffs against non-resident defendants violated the Privileges and Immunities Clause, Article IV, Section 2 of the *United States Constitution,* which provides that:

> The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

Because a West Virginia resident, injured outside of West Virginia, could bring suit against an out-of-state railroad under the Act while a non-resident could not, the appellants assert that *W. Va. Code,* 56–1–1(c) [2003] impermissibly discriminated against non-residents contrary to the *United States Constitution.*

In *Morris v. Crown Equipment Corporation,* 219 W.Va. 347, 633 S.E.2d 292 (2006), this Court was asked to weigh the constitutionality of *W. Va. Code,* 56–1–1(c) [2003] against the Privileges and Immunities Clause. In *Morris,* a citizen and resident of Virginia (who was injured by a forklift in Virginia) brought an action against an Ohio forklift manufacturer and a West Virginia forklift seller in a West Virginia circuit court. We stated that, under the reasoning of the many cases and authorities interpreting the Privileges and Immunities Clause, "it may be concluded that there is a strong constitutional disfavoring of the categorical exclusion of nonresident plaintiffs from a state's courts under venue statutes when a state resident would be permitted to bring a similar suit." 219 W.Va. at 354, 633 S.E.2d at 299. However, this Court concluded that it was duty-bound to give *W. Va. Code,* 56–1–1(c) a constitutionally firm interpretation, if at all possible. So, rather than annul the statute, in *Morris* the Court construed the 2003 venue statute to mean that if one of the defendants in the action was a West Virginia resident, then the action could properly be filed in a West Virginia court. We held, in Syllabus Point 2 of *Morris,* that:

> Under the Privileges and Immunities Clause of the *United States Constitution,* Art. IV, Sec. 2, the provisions of *W. Va. Code,* 56–1–1(c) [2003] do not apply to civil actions filed against West Virginia citizens and residents.

We therefore permitted the action by a Virginia resident that arose in Virginia to proceed, because one of the defendants was a West Virginia citizen and resident.

In the instant case, citing to the discussion of the Privileges and Immunities Clause in *Morris,* the nonresident appellants argued to the circuit court below that the application of *W. Va. Code,* 56–1–1(c) [2003] to categorically bar their claims when a West Virginia resident could pursue an identical claim violated the Privileges and Immunities Clause. The circuit court, however, found—because none of the appellee railroads were West Virginia citizens and residents—that *Morris* had no application to the instant case. We agree with the circuit court's analysis.

The courts of this State are constrained to give a statute every reasonable construction in order to sustain constitutionality, and any

doubt must be resolved in favor of the statute's constitutionality. Syllabus Point 3, *Willis v. O'Brien,* 151 W.Va. 628, 629, 153 S.E.2d 178, 179 (W.Va.1967). Our holding in *Morris* emphasizes this point.

We therefore find that the circuit court committed no error in applying *W. Va. Code,* 56–1–1(c) to dismiss the appellants' complaints.

## IV.

We conclude that *W.Va.Code,* 56–1–1(c) [2003] could be constitutionally construed to properly dismiss the actions brought by the nonresident appellants. The circuit court's December 14, 2006 order dismissing the appellants' complaints is therefore affirmed.

Affirmed.