# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 13-0774** (Ohio County 12-F-59)

**Jeffrey Allen Nolte,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jeffrey Allen Nolte, by counsel Elgine Hecata McArdle, appeals the order of the Circuit Court of Ohio County entered May 7, 2013, which denied petitioner's various post-trial motions. Respondent State of West Virginia, by counsel Christopher S. Dodrill, has filed a response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty in October of 2007 to one count of sexually motivated battery and two counts of contributing to the delinquency of a minor. He was sentenced to three one-year terms of incarceration, and he discharged those sentences on September 21, 2009. He was required to register for life as a sex offender pursuant to West Virginia Code § 15-12-4. Pursuant to the West Virginia Sex Offender Registration Act, sex offenders are required to provide certain information to police, including "[i]nformation related to any Internet accounts the registrant has and the screen names, user names, or aliases the registrant uses on the Internet." If any of the information provided changes, the sex offender has ten business days to notify the police of the changes. The State contends that petitioner was notified of his duty to register and update his information at sentencing as well as each year during his annual registration.

In October of 2011, police were informed that petitioner had opened a Facebook account under the name of Jeffrey Allen. Neither this name nor the account was registered with the State Police. Petitioner later admitted that he had the aforementioned Facebook account, a MySpace account under the name "Jeffrey Nolte," and an account on an Amy Grant fan club site called "Friends of Amy." The "Friends of Amy" account has been maintained since 2000, the MySpace account since 2009, and the Facebook account since 2011. There were no allegations made that petitioner was using these sites or aliases in an inappropriate manner.

1

Petitioner was indicted on May 14, 2012, for intentionally failing to register the internet accounts, in violation of West Virginia Code §15-12-8(c). Petitioner filed a motion to dismiss the indictment as void for vagueness on August 2, 2012, but this motion was denied. Petitioner moved to certify questions to this Court on March 6, 2013, but the circuit court denied this motion on March 8, 2013. Petitioner then filed an emergency petition for writ of prohibition in this Court, which was refused on March 12, 2013.

Petitioner waived his right to a jury trial and proceeded to a bench trial on March 12, 2013. At trial, he claimed that the registration obligations with regard to "internet accounts" were void for vagueness. His expert, Terry Rataczak, Sr., testified as to what "internet accounts" are, and agreed that if an individual accesses Facebook and interacts with others, they do so through an internet account. Police officers who had conducted petitioner's annual registrations testified that it was their practice to explain to sex offenders that they must register their social media accounts, like Facebook and MySpace. Petitioner testified on his own behalf, stating that he thought registering his internet account meant his email addresses and user names. He admitted to using aliases online to avoid people who intend to harass him. Following the evidence, petitioner moved for judgment of acquittal, arguing that the statute is unconstitutionally vague and the State failed to prove that petitioner knew he had to register the accounts. The court denied the motion.

Petitioner was found guilty on March 14, 2013, of the first two counts relating to the MySpace and Facebook accounts, but not guilty as to the "Friends of Amy" account. Petitioner then filed a motion for specific findings pursuant to Rule 23(c), a motion for new trial pursuant to Rule 33, and a motion for arrest of judgment pursuant to Rule 34 of the Rules of Criminal Procedure. All of these motions were denied by order entered on May 7, 2013. Petitioner was sentenced on June 17, 2013, to one to five years of incarceration on each of the two counts, to run concurrently. Petitioner objected to the sentencing order, dated July 19, 2013, and the court reaffirmed its sentencing order on August 21, 2013.

On appeal, petitioner argues two assignments of error. The first is that the trial court abused its discretion in denying petitioner's pretrial motion to dismiss the indictment inasmuch as West Virginia Code § 15-12-2(d)(8) is unconstitutionally vague. Petitioner argues that the term "Internet accounts" in the statute is not defined and, therefore, it is impossible for an ordinary person to understand what conduct is prohibited by the statute. This Court has stated:

> "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). Likewise, "[c]onstitutional challenges relating to a statute are reviewed pursuant to a *de novo* standard of review." *Morris v. Crown Equip. Corp.,* 219 W.Va. 347, 352, 633 S.E.2d 292, 297 (2006).

> In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every

reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syllabus Point 1, *State ex rel. Appalachian Power Co. v. Gainer,* 149 W.Va. 740, 143 S.E.2d 351 (1965). *See also* Syllabus Point 3, *Willis v. O'Brien,* 151 W.Va. 628, 153 S.E.2d 178, (1967) ("When the constitutionality of a statute is questioned every reasonable construction of the statute must be resorted to by a court in order to sustain constitutionality, and any doubt must be resolved in favor of the constitutionality of the legislative enactment.").

*MacDonald v. City Hosp., Inc.*, 227 W.Va. 707, 714, 715 S.E.2d 405, 412 (2011). West Virginia Code § 15-12-2(d) states:

(d) Persons required to register under the provisions of this article shall register in person at the West Virginia State Police detachment responsible for covering the county of his or her residence, and in doing so, provide or cooperate in providing, at a minimum, the following when registering: . . .
(8) Information relating to any Internet accounts the registrant has and the screen names, user names or aliases the registrant uses on the internet.

In the present case, this Court does not find West Virginia Code § 15-12-2(d)(8) unconstitutionally vague. This Court recently explained, "vagueness challenges seek to vindicate two principles of due process: fair notice by defining prohibited conduct so that such behavior can be avoided, and adequate standards to prevent arbitrary and discriminatory law enforcement." *State v. James*, 227 W.Va. 407, 419, 710 S.E.2d 98, 110 (2011). The statute uses "Internet account" broadly; however, the term is not so broad that it is unconstitutionally vague. Both Facebook and MySpace describe their pages as "accounts." The act is meant to allow the public and law enforcement to monitor the whereabouts of sex offenders, and while the statute is broad in scope, it is at the same time rather specific. The Legislature chose to use the terms "internet accounts," "screen names," user names," and "aliases" to encompass all online activity. Even if this encompasses many different names and/or accounts, the circuit court correctly noted that "simply because Defendant may be required to report a vast amount of information to the West Virginia State Police with respect to his internet accounts does not make the statute at issue void for vagueness." The Legislature has recognized the risk of sex offenders being online and has chosen to monitor them. We find no error in the denial of the motion to dismiss.

Petitioner's second assignment of error is that the verdict should be set aside because insufficient evidence exists to prove the elements of the alleged crime. Petitioner argues that pursuant to West Virginia Code § 15-12-8(c), a person must "knowingly" provide false information, fail to register, or fail to provide a change of information. Moreover, petitioner

3

argues that no harm came from his actions, as there was no evidence that he used the internet accounts in a harmful or illegal manner.

In syllabus points one and three of *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995), this Court established the following standards for reviewing claims of insufficiency of the evidence:

> 1. The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. . . .

> 3. A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Upon a review of the record, we find that petitioner failed to meet his burden of proving that there was insufficient evidence to sustain his conviction. Petitioner registered his e-mail accounts but offers no explanation as to how he knew to register his e-mail accounts but not his Facebook and/or MySpace accounts, which both can send and receive private messages. By failing to identify these accounts, petitioner was able to interact with others without proper monitoring by the State Police. Further, as stated above, although the term "Internet accounts" is broad, it is not vague and petitioner had knowledge of his duty to register the same.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis