IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2020 Term

_____

No. 18-1132

_____

FILED
**June 8, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Respondent

v.

CHRISTOPHER RUSSELL MILLS,
Petitioner

_____

Appeal from the Circuit Court of Mingo County
The Honorable Miki J. Thompson, Judge
Criminal Action No. 18-F-82

AFFIRMED

_____

Submitted: April 14, 2020
Filed: June 8, 2020

Matthew Brummond, Esq.
Public Defender Services
Charleston, West Virginia
Counsel for Petitioner

Patrick Morrisey, Esq.
Attorney General
Andrea Nease-Proper, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Respondent

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "The constitutionality of a statute is a question of law which this Court reviews *de novo*." Syllabus Point 1, *State v. Rutherford*, 223 W. Va. 1, 672 S.E.2d 137 (2008).

2.      "In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt." Syllabus Point 1, *State ex rel. Appalachian Power Company v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965).

3.      "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's 'clearly erroneous' standard of review is invoked concerning the circuit court's findings of fact." Syllabus Point 1, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009).

4.      "A criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by

i

statute and to provide adequate standards for adjudication." Syllabus Point 1, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974).

5. "There is no satisfactory formula to decide if a statute is so vague as to violate the due process clauses of the State and Federal Constitutions. The basic requirements are that such a statute must be couched in such language so as to notify a potential offender of a criminal provision as to what he should avoid doing in order to ascertain if he has violated the offense provided and it may be couched in general language." Syllabus Point 1, *State ex rel. Myers v. Wood*, 154 W. Va. 431, 175 S.E.2d 637 (1970).

6. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus Point 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

7. "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." Syllabus Point 1, *Dunlap v. State Compensation Director*, 149 W. Va. 266, 140 S.E.2d 448 (1965).

8. "Courts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed." Syllabus Point 1, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968).

ii

9. "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syllabus Point 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970).

10. West Virginia's felon in possession of a firearm statute, West Virginia Code § 61-7-7(b) (2016), is not void for vagueness under the Due Process Clauses contained in the United States Constitution, U.S. CONST. amends. V, XIV, or the West Virginia Constitution, W. Va. CONST. art. III, § 10.

Armstead, Chief Justice:

Christopher Russell Mills ("Mills") entered a conditional guilty plea[1] to the charge of felon in possession of a firearm[2] and was sentenced to a determinate term of three years by the circuit court. As contemplated by his plea agreement, he now appeals the circuit court's order denying his motion to dismiss the indictment, on the grounds that West Virginia's felon in possession of a firearm statute, West Virginia Code § 61-7-7(b) (2016), is void for vagueness, or, in the alternative, that if West Virginia's statute is not void, that the predicate statute which served as the basis for his conviction was not a crime of violence against the person of another.

For the reasons stated herein, we affirm the circuit court's denial of Mills' motion to dismiss.

---

[1] Conditional pleas of guilt are allowed by Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure:

> With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal form the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

[2] *See* W. Va. Code § 61-7-7(b) (2016).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2018, Mills was driving in Mingo County, West Virginia, when he was pulled over by a member of the Mingo County Sheriff's Department who was investigating a weapons complaint. After removing the occupants from the car, the Deputy Sheriff handcuffed and searched both Mills and his passenger. At that time, the passenger told the Deputy that Mills had thrown a gun out the window before he was pulled over. With the passenger's help, the gun was recovered, which also was the same caliber weapon as ammunition found in Mills' pocket.

Mills, having been previously convicted of a felony, was charged with being a felon in possession of a firearm in violation of West Virginia Code § 61-7-7(b)(2016), which provides, in pertinent part:

> (b) . . . [A]ny person:
>
> (1) Who has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another or of a felony sexual offense; . . . (2) . . . and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony.

W. Va. Code § 61-7-7(b) (2016). The predicate "felony crime of violence against the person of another" which was the nexus to the instant charge of felon in possession of a firearm was his prior Kentucky conviction for wanton endangerment in the first degree under the following statute:

> (1) A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages

2

in conduct which creates a substantial danger of death or serious physical injury to another person.

(2) Wanton endangerment in the first degree is a Class D felony.

Ky. Rev. Stat. Ann. § 508.060 (West 1974) (effective January 1, 1975).

Subsequently, Mills was indicted on the felon in possession of a firearm charge and was arraigned on September 27, 2018. Thereafter, Mills made a motion to dismiss the indictment, pursuant to Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure. There he raised the same grounds argued in this appeal – the felon in possession of a firearm statute is unconstitutional as void for vagueness and the predicate Kentucky conviction is not a crime of violence. Upon hearing, and after reviewing the elements of the Kentucky statute, the circuit court found that Mills'

[C]onviction on or about the 21st day of December, 2015, of the crime of Wanton Endangerment First Degree, [Ky. Rev. Stat. Ann. §] 508.060, is a felony crime of violence against the person of another, as contemplated under W. Va. Code § 61-7-7(b)(1).

Mills then entered his conditional plea, specifically preserving for appeal "the issue of whether or not [Ky. Rev. Stat. Ann. §] 508.060, is a crime of violence as contemplated under W. Va. Code § 61-7-7(b)(1)." The circuit court sentenced Mills to a determinate term of three years, with credit for time served. This appeal followed.

3

## II.  STANDARD OF REVIEW

As there are two interrelated issues raised by this appeal we must apply two different, yet similar, standards of review.  First, we have held that, "[t]he constitutionality of a statute is a question of law which this Court reviews *de novo.*" Syllabus Point 1, *State v. Rutherford*, 223 W. Va. 1, 672 S.E.2d 137 (2008).  Since a statute is presumed to be constitutional, we must proceed with caution because to invalidate the actions of another branch of government requires a high level of proof:

> In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syllabus Point 1, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965).  *See also* Syllabus Point 3, *Willis v. O'Brien*, 151 W. Va. 628, 153 S.E.2d 178 (1967).

The context of this constitutional challenge arose from Mills' motion to dismiss the indictment.

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo.* However, in addition to the *de novo* standard, where the circuit court

4

conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syllabus Point 1, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009). Here, the circuit court conducted a hearing on the motion to dismiss and entered an order that reached a legal conclusion. Thus, we will apply a clearly erroneous standard of review to the factual determinations made by the circuit court, and a *de novo* standard to its legal conclusions, being mindful of our prior admonitions to tread carefully regarding the constitutional questions raised in this appeal.

## III. ANALYSIS

This is a matter of first impression which asks us to determine if the provisions of West Virginia Code § 61-7-7(b) satisfy the requirements of due process under the United States and West Virginia Constitutions and if the predicate Kentucky statute giving rise to Mills' charge of felon in possession of a firearm is a "felony crime of violence against the person of another." W. Va. Code § 61-7-7(b)(1).

To resolve these questions, we first look at the provisions of the United States and West Virginia Constitutions at issue. *See* U.S. CONST. amends. V, XIV *and* W. Va. CONST. art. III, § 10. We will examine these provisions through the prism of a series of recent precedents from the United States Supreme Court, which struck down provisions of certain federal statutes as unconstitutionally vague. *See Johnson v. United States*, 135 S.

5

Ct. 2551 (2015); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *United States v. Davis*, 139 S. Ct. 2319 (2019).  In undertaking this analysis, we must compare the federal statutes examined by the United States Supreme Court to the West Virginia statute at issue here, to determine if our statute has similar constitutional infirmities. *Compare* 18 U.S.C. § 924(e)(2)(B) (2006), 18 U.S.C. § 16 (1984), *and* 18 U.S.C. § 924(c)(3) (2006),[3] *with* W. Va. Code § 61-7-7(b).  Finally, applying West Virginia's felon in possession of a firearm statute, we must determine if the Kentucky statute under which Mills was previously convicted is a "felony crime of violence against the person of another."  W. Va. Code § 61-7-7(b)(1).

Both the United States and West Virginia Constitutions contain similar Due Process Clauses.  The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend V.  Interpreting this provision, the United States Supreme Court has held "that the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 135 S. Ct. at 2556.  The concept that vagueness is prohibited in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions

---

[3] Congress amended the provisions of 18 U.S.C. § 924 in 2018.  Because the prior version of this statute is at issue in both *Johnson* and *Davis*, we cite to the prior version in this opinion.

of fair play and the settled rules of law," *Connally v. General Constr. Co.,* 46 S. Ct. 126, 127 (1926), because "[i]n our constitutional order, a vague law is no law at all." *Davis*, 139 S. Ct. at 2323.  The Fifth Amendment prohibitions apply to the states through the Fourteenth Amendment's Due Process Clause: "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV.

West Virginia's Constitution contains nearly the identical language as the United States Constitution, "[n]o person shall be deprived of life, liberty, or property, without due process of law."  W. Va. CONST. art. III, § 10.  West Virginia has recognized that to satisfy these basic due process requirements:

> A criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication.

Syllabus Point 1, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974).  To determine if a statute is void for vagueness, we have previously held that:

> There is no satisfactory formula to decide if a statute is so vague as to violate the due process clauses of the State and Federal Constitutions. The basic requirements are that such a statute must be couched in such language so as to notify a potential offender of a criminal provision as to what he should avoid doing in order to ascertain if he has violated the offense provided and it may be couched in general language.

Syllabus Point 1, *State ex rel. Myers v. Wood*, 154 W. Va. 431, 175 S.E.2d 637 (1970).

7

We now move to the analysis of three recent decisions of the United States Supreme Court. We will discuss these three opinions in the order that they were decided by the Supreme Court. The first decision in that series was *Johnson*.

In *Johnson*, the Supreme Court was faced with a constitutional challenge to the residual provisions of the Armed Career Criminal Act. ("ACCA"). *See generally Johnson*, 135 S. Ct. 2551 The ACCA defines a "violent felony" for sentence-enhancing purposes as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). This statute is divided into three distinct sections. *See United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). First, the entirety of 18 U.S.C. § 924 (e)(2)(B)(i) is what is referred to as the "elements clause." *See id.* (a court "examines whether the offense is a violent felony under the elements clause, which provides that the offense has as an element the use of physical force."). Next, the first portion of 18 U.S.C. § 924(e)(2)(B)(ii) that delineates specific crimes of "burglary, arson, or extortion, [or] involves the use of explosives," has been called the "enumerated offenses clause." *See James v. United States*, 127 S. Ct. 1586, 1592 (2007) *overruled by Johnson*; *See also Owens*, 672 F.3d at 968 (a court examines "whether the offense is one of the enumerated

crimes."). Finally, the remaining portion of 18 U.S.C. § 924(e)(2)(B)(ii), "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual clause." *Johnson* 135 S. Ct. at 2555-56.

When considering whether to enhance a criminal defendant's sentence under the elements clause or the residual clause of the ACCA, courts are to employ what has become known as "the categorical approach" to "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson*, 135 S. Ct. at 2557 (quoting *Begay v. United States*, 128 S. Ct. 1581, 1584 (2008) *abrogated by Johnson*)). This analysis works when applied to the elements of the prior conviction. However, when the categorical approach was applied to the residual clause and the sentencing court had to divine "the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury," it created a constitutional quandary for federal courts. *Id*. The *Johnson* Court held:

> The court's task goes beyond deciding whether creation of risk is an element of the crime. That is so because, unlike the part of the definition of a violent felony that asks whether the crime 'has *as an element* the use ... of physical force,' the residual clause asks whether the crime '*involves conduct*' that presents too much risk of physical injury.

*Id*. Accordingly, the Supreme Court determined that "[t]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." The Court therefore struck down the residual

9

clause as unconstitutional. *Id.* Even though the Supreme Court struck down the residual clause of the ACCA, it is clear that *Johnson* "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

Following *Johnson*, the Supreme Court examined the same void for vagueness issue in the context of the Immigration and Naturalization Act ("INA"). *See Dimaya*, 138 S. Ct. 1204. Under the INA, an illegal alien is deportable if that alien is convicted of an "aggravated felony" in the United States. *Id.*, 138 S. Ct. at 1210. Conviction of an "aggravated felony" deprives the alien of being able to petition for discretionary relief, which allows "some deportable aliens to remain in the country." *Id.* Thus, any illegal alien that is found to have a conviction for an aggravated felony, is almost certain of removal from the United States. *See id.*, 138 S. Ct. at 1210-11. Germane to the discussion here, one of the definitions of the term "aggravated felony" is found in 18 U.S.C. § 16. *Id.*, 138 S. Ct. at 1211. Under that section of the United States Code, an "aggravated felony" is defined as a "crime of violence" that is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Although the statute at issue in *Johnson* was divided into three parts, the statute analyzed in *Dimaya* had two parts – "the elements clause [subsection a] and the residual clause [subsection b]." *Dimaya*, 138 S. Ct. at 1211. Like in *Johnson,* the proper application of the residual clause was the question raised in *Dimaya*. *Id.*

Striking down this residual clause*,* the Supreme Court found the same fundamental issues existed that made the ACCA's residual clause unconstitutional in *Johnson*. "Under the [residual] clause, a court focused on neither the 'real-world facts' nor the bare 'statutory elements' of an offense. Instead, a court was supposed to 'imagine' an 'idealized ordinary case of the crime'—or otherwise put, the court had to identify the 'kind of conduct the 'ordinary case' of a crime involves.'" *Dimaya*, 138 S. Ct. at 1213–14 (internal citations omitted). These problems also extended to the residual provision in 18 U.S.C. § 16(b). *Id.*, 138 S. Ct. at 1216. "The result is that § 16(b) produces, just as ACCA's residual clause did, 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Id.* (internal citation omitted).

Rounding out this trilogy of cases, the Supreme Court in *Davis* also struck down as unconstitutional the residual clause contained in 18 U.S.C. § 924(c)(3) for similar reasons. *See Davis*, 139 S. Ct. 2319. That "statute proceeds to define the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *Davis*, 139 S. Ct. at 2324. It specifically provided a sentencing enhancement for:

11

an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Once again, finding the same problems with this statute as those in *Johnson* and *Dimaya*, the Supreme Court found that the residual clause contained in subparagraph (B) was unconstitutional as void for vagueness because "imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *Davis*, 139 S. Ct. at 2326.

It is clear from this line of cases that a statute containing a catch-all residual clause that "asks whether the [prior] crime '*involves conduct*' that presents too much risk of physical injury," is unconstitutionally vague under the Fourteenth Amendment's Due Process Clause, and by implication, the Due Process Clause in the West Virginia Constitution. *Johnson* 135 S. Ct. at 2557. Conversely, a statute that requires an analysis of whether the prior crime "has *as an element*," a violent act, is not deemed unconstitutionally vague. *Id.*

We now turn to the West Virginia statute at issue in this appeal to determine if it contains the same constitutional infirmities as the federal statutes discussed by the Supreme Court. As noted above, our felon in possession of a firearm statute provides:

12

(b) . . . [A]ny person:

(1) Who has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another or of a felony sexual offense; . . . (2) . . . and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony.

W. Va. Code § 61-7-7(b).

Under prevailing West Virginia law, the threshold question in our analysis of whether a statute is unconstitutionally vague is whether this statute places a person on fair notice that certain conduct is prohibited. *See* Syllabus Point 1, *State v. Flinn*, 158 W. Va. 111, 208 S.E.2d 538 (1974). We are also guided by our rules of statutory construction. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus Point 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). "Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction; but courts must apply the statute according to the legislative intent plainly expressed therein." Syllabus Point 1, *Dunlap v. State Compensation Director*, 149 W. Va. 266, 140 S.E.2d 448 (1965). "Courts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed." Syllabus Point 1, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968). "Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation." Syllabus Point 2, *Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970). "We look first to the statute's language. If the text, given its plain

13

meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995).

Applying the federal standard for vagueness cited above, when we divide our felon in possession of a firearm statute into its component parts we find that it contains an elements clause - "convicted in this state or any other jurisdiction of a felony crime of violence against the person of another" and an enumerated crimes clause - "a felony sexual offense." W. Va. Code § 61-7-7(b)(1). The phrase "felony crime of violence against the person of another" relates to the statutory elements of the previously committed crime, rather than a catch-all term relating to the risk of violent conduct caused by that crime. This statute clearly does not contain a residual clause.

Thus, from a plain reading of this statute, to be convicted of the crime of felon in possession of a firearm, a person must have a firearm in their possession and been previously convicted of either "a felony crime of violence against the person of another" or "a felony sexual offense." W. Va. Code § 61-7-7(b)(1). The problems pointed out in the federal statutes that were struck down by the Supreme Court simply do not exist in the West Virginia statute. West Virginia's statute only contains an "elements clause" and an "enumerated crimes clause." It does not contain a "residual clause." This is a clear and reasonable plain reading of our felon in possession of a firearm statute, which does not

14

compel us to find beyond a reasonable doubt that it is unconstitutional. *See* Syllabus Point 1, *State ex rel. Appalachian Power Co. v. Gainer*, 149 W. Va. 740, 143 S.E.2d 351 (1965).

Therefore, our statute satisfies both Federal and West Virginia constitutional due process standards because from its plain language, it makes it a crime for a person previously convicted under a statute whose elements constitute a "felony crime of violence against the person of another" to possess a firearm. A person who has been previously convicted of such "felony crime of violence against the person of another" must not possess a firearm or he or she will be subject to criminal penalties. Conversely, by not possessing a firearm, such person can know that he or she will not violate this statute. Therefore, we hold that West Virginia's felon in possession of a firearm statute, West Virginia Code § 61-7-7(b) (2016), is not void for vagueness under the Due Process Clauses contained in the United States Constitution, U.S. CONST. amends. V, XIV, or West Virginia Constitution, W. Va. CONST. art. III, § 10.

Having determined that West Virginia's felon in possession of a firearm statute is constitutional, we now look at the elements of Mills' prior conviction to determine if that prior conviction was for a "felony crime of violence against the person of another." Because the predicate felony conviction was not for a sexual offense, and the plain language of the operative provisions of West Virginia Code 61-7-7(b)(1) are an "elements clause," we must only look to whether the statutory elements of the predicate offense constitute a "felony crime of violence against the person of another." *See United States v.*

15

*McNeal*, 818 F.3d 141, 151–52 (4th Cir. 2016). In *United States v. Davis*, 875 F.3d 592 (11th Cir. 2017), the court held:

> To determine whether the statute of conviction [is a felony crime of violence against the person of another] we are confined to looking at the fact of conviction and the elements required for conviction. *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015); *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015); *United States v. Estrella*, 758 F.3d 1239, 1249 n.4 (11th Cir. 2014); S*ee also Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990). "All that counts ... are the elements of the statute of conviction," not the "specific conduct of [a] particular offender." *Mathis v. United States*, 579 U.S. ——, 136 S.Ct. 2243, 2251–52, 195 L.Ed.2d 604 (2016) (quotation marks omitted).

875 F.3d at 596–97 (11th Cir. 2017). We note that is exactly what the circuit court did in this instance. It looked at the provisions "of the crime of Wanton Endangerment First Degree, [Ky. Rev. Stat. Ann. §] 508.060," and determined that it "is a felony crime of violence against the person of another, as contemplated under W. Va. Code § 61-7-7(b)(1)." The circuit court did not look at what Mills did, it only looked at the elements of Kentucky's wanton endangerment in the first degree statute to make its determination.

Kentucky law divides wanton endangerment into two degrees, first degree and second degree.[4]  *See* Ky. Rev. Stat. Ann.  §§ 508.060 and 508.070 (West 1974)

---

[4] Unlike Kentucky, West Virginia has three statutes that criminalize different wanton acts, rather than differing degrees. West Virginia Code § 61-7-12 (1994) makes "wanton[ly] perform[ing] any act with a firearm which creates a substantial risk of death or serious bodily injury to another," a crime. "Wantonly perform[ing] any act with a

16

(effective January 1, 1975). A person is guilty of wanton endangerment in the first degree when, "under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person." Ky. Rev. Stat. Ann. § 508.060. Wanton conduct occurs when a person is "aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." Ky. Rev. Stat. Ann. § 501.020(3) (West 1974) (effective January 1, 1975). In order to constitute wanton conduct, "[t]he risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id.* The difference between Kentucky's degrees of wanton endangerment stem from mental culpability and potential for harm:

> Only two differences exist between the two degrees of wanton endangerment. One involves mental culpability and the other involves potential for harm. "Extreme wantonness" and "substantial danger of death or serious physical injury" are requirements of the higher degree, whereas "wantonness" and

---

destructive device, explosive material or incendiary device which creates substantial risk of death or serious bodily injury," is also wanton endangerment. W. Va. Code § 61-3E-10 (1996). Finally, "any person who, during the manufacture or production of an illegal controlled substance uses fire, the use of which creates substantial risk of death or serious bodily injury to another due to the use of fire," also commits the crime of wanton endangerment. W. Va. Code § 61-2-9c (2005).

Although there are three different wanton endangerment statutes in West Virginia, that make certain wanton acts illegal (firearm, destructive devices, fire), Kentucky's statutory scheme paints a much broader stroke. Thus, West Virginia's jurisprudence on whether its definition of wanton endangerment is a crime of violence is not helpful to our analysis.

17

> "substantial danger of physical injury" are requirements of the lower degree.

Ky. Rev. Stat. Ann. § 508.060 Ky. Crime Comm'n/LRC COMMENT.

Under Kentucky's wanton endangerment in the first degree statute, "'serious physical injury' means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ." Ky. Rev. Stat. Ann. § 500.080(15) (West 2017).[5] This statutory definition of the elements of the crime of first degree wanton endangerment answers the question at issue here. To be convicted of first degree wanton endangerment in Kentucky, Mills either "[c]reated a substantial risk of death," or his actions caused or risked causing a number of grievous injuries, any of which constitute "serious physical injury." Indeed, the plain language of the elements of the Kentucky crime of wanton endangerment in the first degree lead to only one conclusion – Mills committed a violent felony against another person. We conclude that the circuit court was correct and that a prior felony conviction for wanton endangerment in the first degree under Kentucky Revised Statutes Annotated § 508.060 is a "crime of violence against the person of another," within the meaning of West Virginia Code § 61-7-7(b).

---

[5] The Kentucky General Assembly amended this definition section in 2017, following Mills' conviction. However, the quoted portion was not changed by that amendment. *See* Ky. Rev. Stat. Ann. § 500.080 (15) (West 2001).

18

## IV. CONCLUSION

For the foregoing reasons, we affirm the circuit court's denial of the motion to dismiss.

Affirmed.